ORIGINAL  **REISSUED FOR PUBLICATION**
**JUL 23 2018**
**OSM**
**U.S. COURT OF FEDERAL CLAIMS**

# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
Filed: June 20, 2018

**FILED JUN 20 2018 U.S. COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * * | * | UNPUBLISHED |
| JUDITH A. BRIDGES, | * | |
| | * | No. 18-726V |
| Petitioner, | * | |
| v. | * | Special Master Gowen |
| | * | |
| SECRETARY OF HEALTH | * | Dismissal; Pneumovax 23; |
| AND HUMAN SERVICES, | * | Vaccine Injury Table; Allergies. |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * * * * * * * * * * * * | | |

Judith A. Bridges, petitioner, *pro se*.
Alexis B. Babcock, United States Department of Justice, Washington, DC, for respondent.

### DECISION ON ENTITLEMENT[1]

On May 23, 2018, Judith A. Bridges ("petitioner"), acting *pro se*, filed a claim within the National Vaccine Injury Compensation Program ("Vaccine Program").[2] Petitioner alleged that she received the Pneumococcal 23 ("Pneumovax 23") vaccination in her right arm on September 5, 2017, and immediately suffered an allergic reaction consisting of a red and hot arm, shoulder pain, headaches, and ongoing allergic reactions to various foods. Petition (ECF No. 1). Petitioner also noted that she received the influenza vaccination in her left arm on the same day, but did not attribute it to her alleged injury. Id.

On June 19, 2018, the undersigned held an initial status conference in the case. Petitioner appeared *pro se*. Ms. Alexis Babcock appeared on behalf of respondent. I explained that under the Vaccine Act, a petitioner is only able to pursue a claim for a vaccination that is set forth in the Vaccine Injury Table. § 11(c)(1)(A). I then explained to petitioner that the Pneumovax 23

---

[1] Pursuant to the E-Government Act of 2002, see 44 U.S.C. § 3501 note (2012), **because this decision contains a reasoned explanation for the action in this case, I intend to post it on the website of the United States Court of Federal Claims.** The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. Before the decision is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). "An objecting party must provide the court with a proposed redacted version of the decision." Id. **If neither party files a motion for redaction within 14 days, the decision will be posted on the court's website without any changes.** Id.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to 34 (2012) (hereinafter "Vaccine Act" or "the Act"). Hereinafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

vaccine is not listed on the Vaccine Injury Table and thus is not covered by the Vaccine Program.  See 42 CFR § 100.3.  Petitioner thanked me for explaining this fact to her and clarified that she thought she was supposed to report the allergic reaction for statistical purposes. I informed petitioner that the only choice we had was to dismiss the claim since the Pneumovax 23 vaccine is not covered.  Respondent had no objections to this course of action.

The Pneumovax 23 vaccine is not set forth in the Vaccine Injury Table. **Thus, the petition is dismissed for failing to state a claim upon which relief can be granted.  The Clerk of the Court shall enter judgment accordingly.**

**IT IS SO ORDERED.**

Thomas L. Gowen
Special Master